UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHANNON H.,

          Plaintiff,

    v.                                      **DECISION AND ORDER**
                                                  20-CV-1613S

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.
_____

        1.        Plaintiff Shannon H.[1] challenges the determination of an Administrative Law Judge ("ALJ") that she is not disabled within the meaning of the Social Security Act ("the Act").  Plaintiff alleges that she has been disabled since June 5, 2017, due to back and knee conditions.  Plaintiff maintains that she is entitled to benefits because her impairments render her unable to work.

        2.        Plaintiff filed her application for disability benefits on November 24, 2017. After denial at the agency level, Plaintiff proceeded to a hearing, which took place via videoconference before ALJ Benjamin Chaykin on August 27, 2019.  At the time of the hearing, Plaintiff was 35 years old, with at least a high school equivalent education, and had past relevant work in production line assembly and as a fast-food manager.  The ALJ considered the case *de novo* and, on October 1, 2019, issued a written decision denying Plaintiff's application for benefits.  The Appeals Council thereafter denied Plaintiff's request for review on October 5, 2020.

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

3. Plaintiff filed the current action on November 3, 2020, challenging the Commissioner's final decision.[2] After filing of the administrative record, the parties cross-moved for judgment on the pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure, with briefing concluded on February 24, 2022. (Docket Nos. 8, 9, 13, 14.) The case was thereafter assigned here on April 4, 2022, at which time this Court took the motions under advisement without oral argument. (Docket No. 15.) For the following reasons, Plaintiff's motion will be denied, and Defendant's motion will be granted.

4. A party is entitled to judgment on the pleadings under Rule 12 (c) "only if it has established that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted). In social security appeals, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing a decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405 (g).

5. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. § 405 (g); Wagner v. Sec'y of Health & Hum. Servs., 906 F.2d 856, 860 (2d Cir. 1990). Instead, the court's inquiry is limited to two issues: (1) whether the Commissioner applied the correct legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. See Greek v. Colvin, 802 F.3d 370, 374-75 (2d Cir. 2015) (per curiam); see also Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews the Commissioner's decision for compliance with the correct legal standards; only then does

---

[2] The ALJ's October 1, 2019 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

it determine whether the Commissioner's conclusions were supported by substantial evidence."). In conducting this inquiry, the court cannot substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Hum. Servs., 733 F.2d 1037, 1041 (2d Cir. 1984). Consequently, if the Commissioner's determination is free from legal error and supported by substantial evidence, the court must affirm. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

      6.      As it relates to the legal-error inquiry, the court must determine whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotations and citations omitted). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (citation omitted). This inquiry is completed first because "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

7.     As it relates to the substantial-evidence inquiry, the standard is not high. See Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). The United States Supreme Court defines substantial evidence as only "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971), and has clarified that "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Biestek, 139 S. Ct. at 1154 (quoting Consol. Edison Co. v. NLRB, 305 U.S 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)).  Because the Commissioner's factual findings are conclusive if supported by substantial evidence, see 42 U.S.C. § 405 (g), review is properly focused on whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the plaintiff's position.  See Zacharopoulos v. Saul, 516 F. Supp. 3d 211, 220 (E.D.N.Y. 2021) (noting that "the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*'") (quoting Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original)).  This is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citing Dickinson v. Zurko, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999)).

8.     "To determine on appeal whether [the Commissioner's] findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial

4

evidence, the Commissioner's factual findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). Similarly, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982). In short, the substantial-evidence standard requires that once an ALJ finds facts, those facts can be rejected "'only if a reasonable factfinder would *have to conclude otherwise*.'" Brault, 683 F.3d at 448 (quoting Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)).

9. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. § 404.1520. The Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

10. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits her physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider her disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to

5

>perform her past work. Finally, if the claimant is unable to perform her past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

11.   The claimant has the burden of proof on the first four steps; the Commissioner has the burden of proof on the fifth step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The fifth step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423 (d)(2)(A); 20 C.F.R. § 404.1520 (f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

12.   In this case, the ALJ found the following with regard to the five-step process set forth above: (1) Plaintiff had not engaged in substantial gainful activity since June 5, 2017 (alleged onset date) (R. at 21); (2) Plaintiff's spine disorder and right knee disorder were severe impairments within the meaning of the Act (R. at 21); (3) Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 21-22); (4) Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567 (b), except she could only occasionally climb ropes, scaffolds, or ladders; occasionally climb ramps or stairs; and occasionally stoop, crouch, balance, kneel, or crawl (R. at 21-25); and (5) Plaintiff was able to perform her past relevant work

6

as a production line assembly worker and fast-food manager (R. at 25).[3]  Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act from June 5, 2017, through October 1, 2019.  (R. at 19, 25-26.)

13.     Plaintiff challenges the ALJ's decision on several grounds.  First, she argues that the ALJ failed to properly develop the administrative record by not seeking a clarifying opinion from Dr. Russell Lee, the examining physician.  Second, Plaintiff argues that the ALJ erred by affording more weight to the opinion of state agency reviewing consultant Dr. Donna Miller than to Dr. Lee's examining opinion.  Finally, Plaintiff contends that the ALJ erred by relying on stale opinion evidence.  In response, the Commissioner argues that the ALJ's decision is free from legal error and supported by substantial evidence and should therefore be affirmed.  This Court agrees with the Commissioner.

14.     Plaintiff first argues that the ALJ erred by not seeking clarification of Dr. Lee's opinion.  Dr. Lee examined Plaintiff on January 11, 2018, and concluded that she had moderate limitations for activities involving bending, lifting, carrying heavy objects, walking great distances, prolonged standing, prolonged sitting, kneeling, and squatting. (R. at 229-232.)

15.     The ALJ found Dr. Lee's[4] opinion "not persuasive and vague as to specific limitations."  (R. at 25.)  The ALJ concluded that Dr. Lee's use of "moderate" was undefined, and that his opinion was inconsistent with the objective medical evidence, particularly Plaintiff's 5/5 bilateral grip strength and lack of muscle atrophy.  (R. at 25.) The ALJ therefore credited Dr. Miller's opinion over Dr. Lee's, because he found it to be

---

[3] The ALJ did not make an alternative finding at Step 5.  (R. at 25.)

[4] In his decision, the ALJ mistakenly refers to Dr. Lee as "Dr. Russell."  (R. at 25.)

more specific as to Plaintiff's individual limitations and more consistent with the overall record.  (R. at 25.)

16. Plaintiff argues that the ALJ erred by not seeking clarification of Dr. Lee's opinion after he found it to be vague.  In Plaintiff's view, the ALJ should have re-contacted Dr. Lee for a more detailed opinion concerning Plaintiff's specific limitations.  Having carefully examined the record, this Court detects no error.

17. "Before determining whether the Commissioner's conclusions are supported by substantial evidence, a court must first be satisfied that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the [Social Security] Act." Russ v. Comm'r of Soc. Sec., 20-CV-6389 (RWL), 2022 WL 278657, at *7 (S.D.N.Y. Jan. 31, 2022) (alterations in original; quotation marks omitted) (quoting Moran, 569 F.3d at 112).  Whether an ALJ fully satisfied his or her duty to develop the administrative record is therefore a threshold issue.  See Russ, 2022 WL 278657, at *7; Campbell v. Comm'r of Soc. Sec., No. 19-CV-4516, 2020 WL 4581776, at *14 (S.D.N.Y. Aug. 10, 2020) ("Before determining whether the Commissioner's final decision is supported by substantial evidence under 42 U.S.C. § 405 (g), the court must first be satisfied that the ALJ provided plaintiff with a full hearing under the Secretary's regulations and also fully and completely developed the administrative record.") (internal quotation marks and citations omitted)).

18. An "ALJ, unlike a judge in a trial, must herself affirmatively develop the record" in light of "the essentially non-adversarial nature of a benefits proceeding." Pratts v. Chater, 94 F.3d 34, 37 (2d Cir. 1996) (citing Echevarria v. Sec'y of HHS, 685 F.2d 751, 755 (2d Cir. 1982)); see also Moran, 569 F.3d a 112.  This duty arises from the

Commissioner's regulatory obligations to develop a complete medical record before making a disability determination, see, e.g., 20 C.F.R. § 404.1512(d)-(f), and exists even when, as here, the claimant is represented by counsel, see Pratts, 94 F.3d at 37.  This obligation "encompasses not only the duty to obtain a claimant's medical records and reports but also the duty to question the claimant adequately about any subjective complaints and the impact of the claimant's impairments on the claimant's functional capacity."  Pena v. Astrue, No. 07-CV-11099 (GWG), 2008 WL 5111317, at *8 (S.D.N.Y. Dec. 3, 2008).  Ultimately, the ALJ's duty is to "investigate and develop the facts and develop the arguments both for and against the granting of benefits."  Vincent v. Comm'r of Soc. Sec., 651 F.3d 299, 305 (2d Cir. 2011).

19.     But the ALJ's duty is not without limits.  See Eugene F. v. Comm'r of Soc. Sec., 1:20-cv-04356-GRJ, 2022 WL 355918, at *8 (S.D.N.Y. Feb. 7, 2022) (noting that "the ALJ's obligation to assemble the claimant's medical records, although robust, is not unlimited." (citations and quotations omitted)).  First, no further development of the record is necessary "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history."  Rosa v. Callahan, 168 F.3d at 79 n.5; see also Johnson v. Comm'r of Soc. Sec., 16-CV-831T, 2018 WL 1428251, at *5 (W.D.N.Y. Mar. 22, 2018) ("Where the record evidence is sufficient for the ALJ to make a disability determination, the ALJ is not obligated to seek further medical records.").  In such a situation, the overriding inquiry is whether the evidentiary record before the ALJ was "robust enough to enable a meaningful assessment of the particular conditions on which the petitioner claim[ed] disability."  Sanchez v. Colvin, No. 13-CV-6303 (PAE), 2015 WL 736102, at *7 (S.D.N.Y. Feb. 20, 2015); accord Walsh v. Colvin, No. 3:13CV00687

(JAM), 2016 WL 1626817, at *2 (D. Conn. Apr. 25, 2016) (finding that the ALJ's duty to develop the records is triggered "only if the evidence before [the ALJ] is inadequate to determine whether the plaintiff is disabled.").

20. Second, the ALJ must make only *reasonable* efforts to develop the claimant's complete medical history for at least the 12 months preceding the month in which the application is filed. See 42 U.S.C. § 423 (d)(5)(B); 20 C.F.R. § 404.1512 (b)(1) ("We will make every reasonable effort to help you get medical evidence from your own medical sources and entities that maintain your medical sources' evidence when you give us permission to request the reports."). "Reasonable effort" under the regulation means making an initial request and one follow-up request. See 20 C.F.R. § 404.1512 (b)(1)(i). Issuance of subpoenas is discretionary, as is the decision whether to enforce a subpoena once issued. See Yancey v. Apfel, 145 F.3d 106, 111 (2d Cir. 1998); Johnson v. Comm'r of Soc. Sec., 19-cv-1576 (KAM), 2021 WL 308284, at *5 (E.D.N.Y. Jan. 29, 2021) ("An ALJ has discretionary power in issuing and enforcing subpoenas."); 20 C.F.R. § 404.950 (d)(1).

21. Here, there is no indication that there were obvious gaps in the evidentiary record or that the ALJ lacked a complete medical history. The ALJ adequately explained his assessment of Dr. Lee's findings, and while Plaintiff may disagree with the ALJ's weighing of the evidence, she points to no evidence compelling greater limitations than those reflected in the RFC. Consequently, this Court finds no error.

22. Plaintiff's second argument is that the ALJ erred by affording more weight to Dr. Miller's non-examining opinion than to Dr. Lee's examining opinion. This is a non-starter for two reasons. First, "an ALJ is free to give great weight to the opinion of a non-

10

examining medical expert as long as their opinions are supported by substantial evidence." Cruz v. Comm'r of Soc. Sec., No. 16-CV-965, 2018 WL 3628253, at *6 (W.D.N.Y. July 31, 2018); see also Hancock v. Barnhart, 308 F. App'x 520, 521 (2d Cir. 2009). Here, Dr. Miller is an acceptable medical source with program knowledge and is fully familiar with the social security rules and regulations. (R. at 24.) She reviewed Plaintiff's medical history, and her findings are adequately supported by the record. Second, in arguing that the ALJ should have weighed one opinion more heavily than another, Plaintiff essentially seeks a reweighing of the evidence, which is precluded. See Krull v. Colvin, 669 F. App'x 31, 32 (2d Cir. 2016) (noting that the deferential standard of review prohibits a reweighing of the evidence); see also Richardson, 402 U.S. at 399 (finding that it is the ALJ's task to weigh and resolve conflicting evidence in the record). This argument is therefore unpersuasive.

23. Finally, Plaintiff argues that the ALJ erred by relying on stale opinion evidence. In her view, the ALJ should have obtained updated medical opinions after she was involved in a July 2018 motor vehicle accident in which she allegedly sustained injuries that exacerbated her pre-existing back condition. An opinion may be stale if it is based on an incomplete record or does not account for a claimant's deteriorating condition. See Biro v. Comm'r of Soc. Sec., 335 F. Supp. 3d 464, 469-70 (W.D.N.Y. 2018). But "a medical opinion is not necessarily stale simply based on its age." Id. at 470. An older opinion may thus constitute substantial evidence if it is consistent with the record as a whole. See id.; see also Andrews v. Berryhill, No. 17-CV-6368 (MAT), 2018 WL 2088064, at *3 (W.D.N.Y. May 4, 2018) (finding that ALJ did not err by relying on older opinions where there was no evidence of significant deterioration in the plaintiff's

condition).   Here, the ALJ expressly considered the objective medical evidence concerning Plaintiff's motor vehicle accident and her post-accident condition.  (R. at 23-24.)  While the ALJ did not seek updated medical opinions, the record lacks evidence of a significant deterioration in Plaintiff's condition.   Consequently, the medical opinions were not stale, and the ALJ did not err in relying on them.

24. Accordingly, having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds that it is free from legal error and supported by substantial evidence.  It is therefore affirmed.  See Grey, 721 F.2d at 46; Marcus, 615 F.2d at 27. Plaintiff's motion for judgment on the pleadings is denied, and Defendant's motion seeking the same relief is granted.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 9) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 13) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:      June 2, 2022
            Buffalo, New York

                                          s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                          United States District Judge